(12 Misc. Rep. 31.)

BURKE v. TINDALE.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. LANDLORD AND TENANT—COVENANT FOR QUIET ENJOYMENT—BREACH.

A covenant in a lease that the tenant should peaceably and quietly hold and enjoy all the demised premises is not broken by the removal, by the department of public works of the city, from the leased building, of a show window constructed by the lessee under a provision of the lease. where such provision was inserted at the end of the lease, and after a covenant of quiet enjoyment.

2. SAME—VALIDITY OF LEASE—UNLAWFUL STRUCTURE.

A provision inserted in a lease, at the end thereof, authorizing the lessee to erect an unlawful structure, does not invalidate the lease so as to defeat the lessor's right to rent, since such structure forms no part of the demised premises for which the rent was reserved.

Appeal from trial term.

Action by Harriet E. Burke against Terry J. Tindale for rent. From a judgment entered on a verdict in favor of plaintiff, directed by the court, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Stephen C. Baldwin, for appellant.
Tallmadge W. Foster, for respondent.

DALY, C. J. The action was for rent, and the defense was eviction under title paramount. The eviction complained of was the removal, by the department of public works of the city of New York, of a show window which encroached upon the public street, and which was erected by the tenant under the following clause of his lease:

"And it is further agreed that the party of the second part has the right to erect a show window similar to the one now being put in 157 Broadway, and, upon presentation of the receipted bills for the same, the party of the first part agrees to allow and pay the sum of three hundred dollars ($300) of the first two months' rent. The said window, when completed, to belong to the property."

The demised premises are described in the lease as "the south store in the building known by the street numbers 155–157 Broadway," and the covenant of quiet enjoyment was that the tenant

should peaceably and quietly hold and enjoy all said demised premises. The clause giving the lessee the right to erect a show window is inserted at the end of the lease, after all the other provisions, and after the covenant for quiet enjoyment. It thus appears that the show window was no part of the demised premises, not being included in the description, and is not covered by the covenant for quiet enjoyment, not being referred to by the terms of the covenant; and the removal of the window was not, therefore, an eviction from the demised premises, nor a breach of the covenant. The window was not an appurtenance of the demised premises, as it was not in existence at the time of the lease, but was subsequently to be constructed and added by the tenant. Nor does the provision that the window, when erected, should belong to the property, make it a part of the premises as demised. This provision was for the benefit of the lessor, not of the lessee, and to prevent the latter removing the structure at the expiration of the term. The window was not removed by the lessor, but by the city authorities. If the lessor had removed it, he would be liable, if at all, for damages for breach of his agreement permitting the lessee to construct it; but he would not be liable for eviction. As it was an incumbrance upon the public street, he might not be liable in any event for removing it under orders from the proper authorities. As it was not removed by him, he is not liable to the lessee, because he has not covenanted to maintain the structure, nor in any way assured to the lessee the right to maintain it. The contingency of the exercise by the city authorities of the power to remove it must have been contemplated by both parties, and has not been guarded against by any provision of the lease.

It is urged that the lessor, by an independent parol agreement, agreed to maintain the window, and that the court erroneously excluded evidence thereof. The defense was not pleaded. The answer set up that the lease was taken upon the agreement that the show window to be erected should form part of the demised premises, and that, pursuant to said understanding, and upon defendant's request and express insistence, the provision in question was inserted in the lease. This sets up no defense. The lease contains the provision as defendant would have it, and is not broad enough to give him the relief which he now seeks, namely, the right to abandon the premises in case of the removal by the municipal authorities of the bay window.

The contention that the structure permitted by the clause in question was unlawful, and that neither party can enforce the covenants of the lease, is untenable. The rent sued for is not reserved for the use of the show window, but for the demised premises, of which it forms no part. The lessor is not seeking to enforce any provision respecting the show window. The lessee is claiming under it as matter of defense to the rent; not because it is unlawful, but because it was a lawful contract, and under it he had a right to abandon the premises. But, as we have seen, neither the written lease nor the agreement set up in the answer gives him any such right. Judgment affirmed, with costs. All concur.